IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

WILSON PAGAN,

        Plaintiff,

v.                                      Civil Action No. 3:17-CV-43
                                           (GROH)

LIEUTENANT HOWELL,
LIEUTENANT BARRIENTES,
MRS. BRIDGES,
MS. NEWSOME,
MR. STAUFFER, and
UNITED STATES PENITENTIARY
HAZELTON,
        Defendants.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 20, 2017, the *pro se* Plaintiff, who was previously incarcerated at USP Hazelton[1], initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff asserts he was subjected to cruel and unusual punishment when he was placed in administrative detention in the Special Housing Unit ("SHU") while incarcerated at USP Hazelton.  ECF No. 1 at 7 – 8.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] Plaintiff is currently incarcerated at USP Big Sandy in Inez, Kentucky.

1

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Underlying Criminal Conviction.

On November 26, 2013, Plaintiff was sentenced to life imprisonment in the Southern District of New York, case number 7:10-CR-392.  ECF No. 54-1 at 7.  Plaintiff and his co-defendant Christian Sanchez, both former heads of the Newburgh, New York chapter of the "Latin Kings" gang, were convicted of charges related to racketeering[2], violent acts in aid of racketeering, firearms and narcotics.  United States v. Sanchez, Pagan, et al., 623 Fed. Appx. 35 (2nd Cir. 2015).

### B.  The Instant Action in 3:17-CV-43

Plaintiff filed the instant complaint on April 20, 2017.  ECF No. 1.  The complaint names five staff members of USP Hazelton and the institution of USP Hazelton as Defendants.  ECF No. 1.  On August 27, 2018, Defendant filed a "Motion to Dismiss, or, Alternatively, for Summary Judgment," based on Plaintiff's failure to state a claim, and a memorandum in support of that motion.  ECF Nos. 53, 54.  On November 19, 2018, Plaintiff filed his "Opposition to the Motion to Dismiss and Summary Judg[ment]" and a memorandum of law in support thereof.  ECF Nos. 66, 66-1.  In his opposition, Plaintiff seeks to be exempted from the requirement that he exhaust his administrative remedies.  ECF No. 66-1 at 4.

---

[2] Plaintiff's racketeering convictions included at least one count of conspiracy to commit murder in aid of racketeering, as charged in Count 3, and at least one count of attempted murder in aid of racketeering, as charged in Count 4.  ECF No. 54-1 at 7.

## III. LEGAL STANDARD

### A.   Pro Se Litigants

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### B. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to Bivens. Booth v. Churner, 532 U.S. 731, 741 (2001). "[F]ederal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." Porter v. Nussle, 534 U.S. at 524 (internal citation omitted). As recognized in Porter and Booth, exhaustion is a prerequisite to suit, and accordingly, Plaintiff was required to exhaust all available administrative remedies prior to filing his Bivens complaint in federal court.

Moreover, in Woodford v. Ngo, 548 U.S. 81, 93 – 94 (2006) (internal citations omitted), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) "to eliminate unwarranted federal-court interference with the administration of prisons"; (2) to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."

In Jones v. Bock, 549 U.S. 199, 216 (2007), the United States Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that

4

inmates are not required to specially plead or demonstrate exhaustion in his complaint." Although the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," Booth, 532 U.S. at 741, n.6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) ("If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner.") Consistent with other Circuits, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)).

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss

5

a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

**C.     Improperly Named Defendants**

Pursuant to Bivens, a federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. The Supreme Court has also held that a Bivens action may not be brought against other federal agencies. FDIC v. Meyer, 510 U.S. 471, 486 (1994).

## IV. ANALYSIS

**A.     The Complaint Against USP Hazelton Should be Dismissed With Prejudice**

Plaintiff has named as a Defendant, United States Penitentiary Hazelton, a facility which operates under the Bureau of Prisons. In FDIC v. Meyer, 510 U.S. 471, 486 (1994), the Supreme Court held that Bivens claims may not be brought against a federal agency, and that federal agencies may not be held liable in a Bivens claim. Accordingly, neither USP Hazelton nor its governing agency, the Bureau of Prisons, may be named in a Bivens action. Additionally, in his memorandum in opposition to Defendants' motion to dismiss, or, alternatively, for summary judgment, Plaintiff concedes that USP Hazelton is an

improper defendant. ECF No. 66-1 at 5. Because USP Hazelton is improperly named as a defendant in a <u>Bivens</u> actions, the complaint must be dismissed with prejudice as to USP Hazelton.

### B. The Complaint Against the Remaining Defendants Should be Dismissed Without Prejudice.

Plaintiff complains of an incident which occurred on March 1, 2017. ECF No. 1 at 7. He filed the instant complaint on April 20, 2017. ECF No. 1. In the seven weeks and one day between March 1, 2017, and April 20, 2017, Plaintiff did not file any grievance or request for administrative remedy with FCI Hazelton. While the timing of the institution of suit itself appears to suggest Plaintiff failed to ***exhaust*** his administrative remedies, it further appears that Plaintiff never attempted to ***initiate*** any administrative relief before filing the instant suit.

Plaintiff attached as exhibits to his complaint two separate "Request for Administrative Remedy" forms. ECF No. 1-1 at 1, 3. However, the forms both contain a "Notice to Inmates" which advises:

> Prior to receiving a Request for Administrative Remedy Form (BP-229), you MUST attempt Informal Resolution through your Counselor, or provide other documentary evidence of your attempt at informal resolution. Failing to attempt information resolution may result with rejection of your request.

<u>Id.</u> Neither form is clearly dated, however the second, labeled by Plaintiff as Exhibit B, indicates he received the form on March 31, 2017. ECF No. 1-1 at 3. In that form, Plaintiff claims that on numerous occasions he tried to file complaints but his unit team either ignored him or he never received a response to the BP-8 Forms he completed. <u>Id.</u> However, neither form indicates that it was received by any BOP or USP Hazelton official.

7

Significantly, neither form contains any notation of efforts made by Plaintiff's counselors, although such space is provided in Part B of the forms. ECF 1-1 at 1, 3.

Plaintiff claims that the reason he did not exhaust his administrative remedies is that USP Hazelton officials refused to process his administrative claims. However, from April 2017 through July 2017, a time frame close to the March 1, 2017, incident complained of, USP Hazelton officials processed a number of filings for the instant civil action, including the complaint, various motions, financial documents and correspondence prepared by Plaintiff. ECF Nos. 1, 2, 3, 4, 5, 9, 13, 18. It is untenable to find that USP Hazelton staff would process all necessary documents for institution of a lawsuit, but none of the necessary documents for an administrative remedy. Moreover, subsequent to Plaintiff's transfer from USP Hazelton in July 2017, to various BOP facilities[4], Plaintiff has made no attempts to file administrative remedies about the incident at Hazelton, despite being unimpeded by the allegedly dilatory staff at Hazelton. Additionally, Plaintiff previously filed two formal BOP grievances, both of which predated the incident complained of herein, demonstrating his understanding of the grievance process. ECF No. 54-1 at 12.

Accordingly, Plaintiff has failed to exhaust the administrative remedy procedure. Further, because the failure to exhaust is clear on the face of the complaint, filed just seven weeks and one day after the incident complaint of, *sua sponte* dismissal of this action is appropriate. See <u>Custis</u>, supra.

---

[4] The Declaration of Tiffany Little states that "Pagan was incarcerated at FCC Hazelton from March 10, 2014, through June 12, 2017. Pagan has subsequently been transferred to several other BOP correctional facilities, and he is currently incarcerated at the United States Penitentiary in Inez, Kentucky ("USP Big Sandy")." ECF No. 54-1 at 2.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED as to USP Hazleton WITH PREJUDICE and as to the remaining Defendants WITHOUT PREJUDICE**. It is further recommended that Defendants' motion to dismiss, or, alternatively, for summary judgment [ECF No. 53] be **GRANTED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:   December 21, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE